

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN  
~~JENSE~~  
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Joe J. Fisher  
District Attorney  
San Augustine, Texas

Re-affirmed by  
WW-1265

Dear Sir:

Opinion No. O-391  
Re: Is the Justice of the Peace of Newton County entitled to the statutory fee mentioned in Article 1052, Code of Criminal Procedure, where the criminal action is dismissed on motion of the state's attorney?

Your request for an opinion on the above stated question has been received by this office.

Article 1052, Code of Criminal Procedure, reads as follows:

"Three dollars shall be paid by the county to the county judge, or judge of the court at law, and two dollars and fifty cents shall be paid by the county to the justice of the peace, for each criminal action tried and finally disposed of before him. Provided, however, that in all counties having a population of 20,000 or less, the justice of the peace shall receive a trial fee of three dollars. Such judge or justice shall present to the Commissioners' Court of his county at a regular term thereof, a written account specifying each criminal action in which he claims such fee, certified by certain judge or justice to be correct and filed with the county clerk. The Commissioners' Court shall approve such account for such amount as they find to be correct, and order a draft to be issued upon the county treasury in favor of such judge or justice for the amount so approved. Provided the Commissioners' Court shall not pay any amount or trial fee in any case tried and in which an acquittal is had unless the State of Texas was represented in the trial of said cause by the county attorney or his assistant, criminal district attorney or his assistant, and the certificate of said attorney is attached to said account certifying to the fact that said cause was tried, and the State of Texas was represented, and that in his judgment there was sufficient evidence in said cause to demand a trial of the same."

In the case of Brackenridge v. State, 11 S.W. 630, the court, in passing upon a similar question, used the following language:

"The case must have been tried and finally disposed of before him, he must both try and finally dispose of it, such is the plain language of the statute. The trial is an examination before a competent tribunal, according to the laws of the land, of the facts put in issue

in a case, for the purpose of determining such issues.

"A dismissal of the case is to send it out of the court without a trial upon any issue involved in it. It is the final disposition of that particular case, but it is not a trial of it."

In the case, Richardson v. State, 4 S.W. (2) 79, holds in effect that when the case was disposed of by motion to quash, the County Judge was entitled to a fee under Article 1052, Code of Criminal Procedure, payable by the county. We do not think the case established a different rule as laid down in the case of Brackenridge v. State, supra, for there is a distinction in a motion to quash and a motion to dismiss.

The plain and specific language of Article 1052, supra, is that the judge and justice of the peace must both try and finally dispose of the case before him to be entitled to the fee provided therein.

This department has repeatedly held that a justice of the peace is not entitled to the fees provided by Article 1052, supra, when the case is dismissed upon motion of the state's attorney.

You are respectfully advised and it is the opinion of this department that the justice of the peace is not entitled to such fee as provided by Article 1052, Code of Criminal Procedure, supra, where there is no trial of the case before him but is dismissed upon the motion of county attorney or his assistant, the criminal district attorney or his assistant, or any other attorney representing the state.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:FL:EGD

APPROVED:
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS